PLEUS, J. .
Jimmy Anthony hired the McMillen, Reinhart & Voght law firm to investigate a potential medical malpractice claim involving a suspected delayed diagnosis of cancer. After Jimmy Anthony died of lung cancer, his widow, Mary Anthony, asked the law firm to continue its investigation. The law firm delivered authorizations to various medical providers to obtain medical records. Cardiovascular Surgeons, P.A., refused to provide the records based on the proposition that the law firm had no authority to request such records after Jimmy Anthony’s death. Mary Anthony promptly filed a complaint for a pure bill of discovery to compel production. The trial court compelled production and Cardiovascular filed a timely appeal.
The issue on appeal is whether the trial court erred in ordering Cardiovascular to produce the medical records to a person other than the duly appointed personal representative of Jimmy’s estate. *634 This issue arises because section 455.667(4), Florida Statutes (1999) is unclear as to the meaning of “the person’s legal representative.” Section 455.667(4) provides in part:
(4) Any health care practitioner licensed by the department or a board within the department who makes a physical or mental examination of, or administers treatment or dispenses legend drugs tq, any person shall, upon request of such person or the person’s legal representative, furnish, in a timely manner, without delays for legal review, copies of all reports and records relating to such examination or treatment, including X rays and insurance information. ...
[Emphasis added].
Does the term “legal representative” automatically include next of kin, and if so, how far out in the blood line? Alternatively, must the person requesting the medical records establish in court that he or she is the proper “legal representative?”
In this case, the widow, in effect, obtained a ruling from the trial court that she was the “legal representative” and the court ordered production. We could, at this point, simply affirm the trial court. However, in so doing, we would leave unanswered the basic issue of whether the person requesting the records must establish his or her status as the “legal representative” through appropriate judicial determination.
Mary Anthony argues that a widow should automatically, and without judicial determination, be deemed a “legal representative” under the statute. The problem with this argument is that in certain cases, the widow may not be entitled to participate in the estate for a variety of reasons. Ms. Anthony’s counsel properly admits that should the matter proceed to litigation, a personal representative must be appointed. Her counsel argues that in the real world, a personal injury lawyer is not equipped to open an estate and have the widow appointed personal representative. Therefore, it becomes necessary to hire a probate lawyer who may charge up to $1,500 just to open an estate so the widow can obtain the records. If the investigation does not indicate medical malpractice, the money spent opening the estate is wasted.
We reject this argument for two reasons. First, the opening of a probate estate and obtaining authority to act as a personal representative is not that expensive or difficult. We believe most competent lawyers, especially those who specialize in personal injury, can handle the task. The fact that many personal injury specialists choose to hire a “probate specialist” to do their work is irrelevant. Second, the personal injury lawyer representing the widow can always follow the procedure utilized in this case and file a true bill of discovery. Whether by probate or true bill, a court confirms the status of the next of kin as the appropriate legal representative. The health provider who then produces the records cannot be accused of violating section 455.667(4).
We believe the requirement of a judicial determination is not too high a price to pay for the certainty it brings to the table. The furnishing of medical records to persons not authorized violates public policy and can potentially subject a health care practitioner to a disciplinary proceeding by the appropriate licensing authority.
AFFIRMED.
PETERSON J., concurs.
SAWAYA, J., concurs in result only, without opinion.