SCHWARTZ, Chief Judge.
As in Cardiovascular Surgeons v. Anthony, 773 So.2d 633 (Fla. 5th DCA 2000), the custodian of the medical records of the appellee Cruz’s deceased spouse appeals from a judgment ordering it to provide them to him pursuant to section 456.057(4), Florida Statutes (2000).[1] We dispose of the case[2] by actually doing what the Fifth District said it only “could” (and perhaps should) have done, “simply affirm the trial court.”[3] Anthony, 773 So.2d at 634.
Affirmed.[4]

. Section 456.057(4), Florida Statutes (2000): (4) Any health care practitioner licensed by the department or a board within the department who makes a physical or mental examination of, or administers treatment or dispenses legend drugs to, any person shall, upon request of such person or the person's legal representative, furnish, in a timely manner, without delays for legal review, copies of all reports and records relating to such examination or treatment, including X rays and insurance information .[e.s.]

. Since the appellant professes no interest in the records and is now the object of an order requiring it to produce them (thus protecting it from any possible adverse consequences in doing so, which were illusory at best even in the absence of such an order), it is not adversely affected in any real sense by the judgment below. This appeal could as well be resolved, therefore, by its dismissal on that ground. 3 Fla.Jur.2d Appellate Review §§ 90, 245 (1997).

. In this case, the widow, in effect, obtained a ruling from the trial court that she was the "legal representative” and the court ordered production. We could, at this point, simply affirm the trial court.
Anthony, 773 So.2d at 634. Since, just as in the Fifth District, it is unnecessary to do so, we iterate no express opinion on the issue which was the subject of extensive dictum in Anthony: whether a surviving spouse should "automatically, and without judicial determination, be deemed a ‘legal representative' under the statute.” Anthony, 773 So.2d at 634.
We do point out, however, that our sibling’s negative answer to that question, which requires the opening of a probate estate in every case just to get the decedent's records (serving only to obviate the custodian's largely imaginary fear of legal exposure) runs directly contrary to the evident, salutary purpose of the statute, which is to permit the process to go forward inexpensively, informally, and "without delays for legal review.” § 456.057(4), Fla. Stat. (2000). Moreover, as long as we are not discussing the subject, it is to be noted that in In re Estate of Wilson, 416 A.2d' 228 (D.C.1980), the court rendered a well-reasoned holding entirely to the contrary of the Fifth District’s view.

.In accordance with the statute, see supra note 3, we order that this opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.